## MATTER OF SWEED

### In DEPORTATION Proceedings

#### A–12936546

*Decided by Board August 19, 1964*

Approval of a visa petition to accord respondent nonquota status on the basis of his marriage to a United States citizen does not preclude denial of respondent's application for adjustment of status under section 245, Immigration and Nationality Act, as amended, in deportation proceedings, in the exercise of discretion, based on doubt as to the bona fides of that marriage.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry as nonimmigrant, remained longer.

An order entered by the special inquiry officer in the above-captioned case on February 20, 1963 grants the respondent voluntary departure in lieu of deportation as an alien who after entry as a nonimmigrant visitor remained longer than permitted. The Board of Immigration Appeals on May 31, 1963 dismissed the respondent's appeal from the special inquiry officer's order.

Thereafter, in October of 1963 the respondent moved the Board of Immigration Appeals to reopen the proceedings to permit further application for relief under section 245 of the Immigration and Nationality Act. Supporting the motion was evidence of the fact that the respondent's first wife had divorced him; that he had married another United States citizen and that a petition requesting nonquota status filed by his second wife had been accepted by the Immigration Service on October 8, 1963. The Board of Immigration Appeals on November 14, 1963 ordered the hearing reopened for the consideration of such applications for discretionary relief as may be filed.

The respondent's further application for adjustment of status under section 245 was before the special inquiry officer in hearings accorded him on December 18, 1963 and January 21, 1964. The special inquiry officer is of the opinion that the respondent's marriages to citizens of the United States were solely for the purpose of procuring permanent residence in the United States. He denied relief under section 245

as a matter of discretion. The respondent appeals from this decision of the special inquiry officer, dated January 30, 1964.

The respondent is a native and citizen of Jordan, male, married, 33 years of age, who last entered the United States at San Juan, Puerto Rico on July 19, 1961. He was admitted as a nonimmigrant visitor and thereafter granted extensions until February 4, 1963 within which to depart from the United States. The issue of deportability is not before us and the order entered by the special inquiry officer on February 20, 1963 granting voluntary departure is outstanding.

The respondent testified that he met his present wife in October of 1962 when he was still married to his first wife. According to his testimony he determined to marry her but waited until he actually was divorced by his first wife in March of 1963. When the respondent was interrogated by his attorney at the first hearing, he testified that he believed that he and his first wife had come to an amicable family agreement. The special inquiry officer is of the opinion that the respondent must have been aware that divorce proceedings had been instituted and this factor when coupled with his apparent haste to remarry during the pendency of his first appeal, certainly renders his second marriage suspect. The special inquiry officer also states that his suspicion is further enhanced by the testimony of both wives as to the manner in which the respondent proposed to them, the length of time they knew him prior to the proposals, his interrogations as to their citizenship and marital status, and in the case of the second wife, her lack of schooling and general worldly knowledge.

Counsel's brief in support of the appeal urges error in the special inquiry officer's decision denying respondent's application for status as a permanent resident alien. He maintains that inasmuch as the District Director has approved a visa petition for nonquota status filed by the respondent's second wife thereby acknowledging the bona fides of respondent's second marriage, the special inquiry officer's decision denying relief under section 245 on the basis of doubt as to the bona fides of the said marriage is arbitrary, capricious and not supported by the facts developed during the reopened hearings.

A petition to accord nonquota immigration status under section 101(a)(27)(A) of the Immigration and Nationality Act is filed pursuant to the provisions of section 205 of the same Act. It is a proceeding separate and apart from an application for relief under section 245 of the Immigration and Nationality Act. Pursuant to 8 CFR 205.1 the petitioner, who must be a citizen or an alien lawfully admitted for permanent residence, has the right of appeal to the Board of Immigration Appeals if the petition is denied by the District Director. The application before us is a proceeding initiated by the alien.

Under 8 CFR 245.2, an application for a change of status to that of a permanent resident alien may only be considered by a special inquiry officer in a proceeding under 8 CFR 242 after the alien has been served with an order to show cause. 8 CFR 242.8 provides the special inquiry officer with ample authority to exercise his discretion under section 245 of the Immigration and Nationality Act on the basis of a conclusion which is inapposite to a decision reached by the District Director under sections 101(a)(27)(A) and 205 of the same Act.

We find no error in the decision of the special inquiry officer. We will affirm the order granting voluntary departure entered on February 20, 1963 and will dismiss this appeal.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed. The order entered by the special inquiry officer on February 20, 1963 granting the alien voluntary departure in lieu of deportation and further providing for his deportation if the alien fails to depart when and as required, is hereby affirmed.